UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

BURL WASHINGTON,                )
                                )
        Plaintiff,               )
                                )
    vs.                         )   No. 4:07CV1523-DJS
                                )
MICHAEL GENE STACY, GARY STOLZER, )
LANCE WHITE and NATHAN BENSON,   )
                                )
        Defendants.              )

**ORDER**

Plaintiff's appeal has been dismissed for the Eighth Circuit's lack of jurisdiction, and this Court again resumes review of this action. Defendant Stacy has filed a motion for more definite statement, challenging the sufficiency of the first amended complaint [Doc. #68]. Occasioned by defendant Stacy's motion, the Court's review of the first amended complaint reveals that its shortcomings go further than can be remedied by an order to amend the pleading.

Under the statute that governs proceedings such as this one filed *in forma pauperis* [see Doc. #5], the Court retains the authority throughout the life of a case to review its viability:

>     (2) Notwithstanding any filing fee, or any portion
> thereof, that may have been paid, the court shall dismiss
> the case at any time if the court determines that–
>     ...
>     (B) the action or appeal–
>         (i) is frivolous or malicious;

>     (ii) fails to state a claim on which relief may
> be granted; or
>     (iii) seeks monetary relief against a defendant
> who is immune from such relief.

28 U.S.C. §1915(e)(2). Also relevant to the current review of this case is the Court's authority to take judicial notice of plaintiff's conviction on related charges in a criminal case before the Honorable Catherine D. Perry of this Court, in <u>United States v. Burl Washington</u>, 4:07CR776-CDP. In view of defendant's conviction, the claims asserted here are frivolous and/or fail to state a claim upon which relief can be granted, and are therefore subject to dismissal.

Counts I and II of the four-count indictment alleged that on or about March 10, 2006, Washington distributed Fentanyl and Oxycodone, both Schedule II controlled substances, to Justin Knox, and that Knox's death resulted from the use of those drugs distributed by Washington. See <u>US v. Washington</u>, 4:07CR776-CDP, Indictment [Doc. #1]. On June 19, 2008, a jury found defendant guilty of all four counts of the indictment. <u>Id</u>. at Jury Verdict [Doc. #61]. On November 6, 2008, Judge Perry sentenced Burl Washington on these convictions, imposing an aggregate term of imprisonment of 360 months. <u>Id</u>. at Judgment [Doc. #139]. Of these facts, judicial notice is appropriately taken. Fed.R.Evid. 201.

Washington's first amended complaint [Doc. #68] asserts claims of false arrest, false imprisonment, malicious prosecution and intentional infliction of emotional distress against the four

defendants, all law enforcement officers involved in Washington's arrest and prosecution relating to the death of Justin Knox. If treated as the state law causes of action which Washington's terminology invokes, all the claims are subject to dismissal for lack of federal subject matter jurisdiction, as diversity of citizenship is not alleged and does not appear to exist.

Construing the claims liberally in view of Washington's pro se status, they are considered to assert federal civil rights claims under 42 U.S.C. §1983. In order to state a claim under §1983, plaintiff must "allege the violation of a right secured by the Constitution and laws of the United States...." West v. Atkins, 487 U.S. 42, 48 (1988). Washington's conviction on charges arising from his role in Knox's death is a complete defense to a §1983 claim that his arrest was without probable cause. See Williams v. Schario, 93 F.3d 527, 528 (8th Cir. 1996); Malady v. Crunk, 902 F.2d 10, 11-12 (8th Cir. 1990).

Furthermore, under Heck v. Humphrey, 512 U.S. 477 (1994), a claim is not cognizable under §1983 where a judgment in favor of the plaintiff would necessarily imply invalidity of the plaintiff's conviction or sentence, unless the conviction or sentence has already been invalidated or set aside. Heck bars claims based on malicious prosecution and the alleged falsification or alteration of evidence relating to criminal charges of which plaintiff was convicted. Rogers v. Adams, 103 Fed.Appx. 63, 64 (8th Cir. 2004); Moore v. Novak, 146 F.3d 531, 536 (8th Cir. 1998); Williams v.

3

Schario, 93 F.3d 527, 529 (8th Cir. 1996). Finally, Tyler v. Harper, 744 F.2d 653, 655-56 (8th Cir. 1984), applies collateral estoppel principles to bar §1983 claims based upon issues actually litigated in underlying criminal proceedings. See also Grant v. Farnsworth, 869 F.2d 1149, 1151 (8th Cir. 1989). All of these principles support the dismissal of plaintiff's first amended complaint, based on the Court's determination that its claims are frivolous and/or fail to state a claim upon which relief may be granted.

Subsequent to the filing of the first amended complaint, plaintiff submitted his "Complaint and Damages Structured for Trial and Judgement (sic)" [Doc. #72], which the Clerk has docketed as a "Supplement to" the first amended complaint. In his reply memorandum concerning his motion for more definite statement, Stacy notes that in Document #72 plaintiff asserts additional factual allegations and makes reference to an additional defendant, Michael Bradley. Stacy urges the Court to deny plaintiff leave to file the "Complaint and Damages Structured for Trial and Judgement (sic)" as an untimely attempt to further amend plaintiff's complaint. The Court has not and does not grant leave for the filing of Document #72 as an amended or supplemental pleading. In view of the disposition of the first amended complaint on the basis set forth above, the Court notes that the rationale for dismissal is not altered and would not be defeated were consideration given to the content of Document #72.

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant Stacy's motion for a more definite statement [Doc. #69] is denied without prejudice in view of the Court's dismissal of the first amended complaint pursuant to 28 U.S.C. §1915(e)(2).

Dated this ___3rd___ day of February, 2009.

                                            /s/Donald J. Stohr
                                            UNITED STATES DISTRICT JUDGE